Hillary A. Brooks (*pro hac vice* forthcoming)
hillary@brooksquinn.com
Delfina S. Homen (*pro hac vice* forthcoming)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,

Plaintiff,

v.

FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC.,

Defendants.

Case No: ________________

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC ("SGCS" and "Plaintiff") alleges as follows against FALCK NORTHERN CALIFORNIA CORP. ("Falck NorCal"), CARE AMBULANCE SERVICE, INC. ("Care"), and FALCK USA, INC. ("Falck USA") (collectively, "Defendants"), on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others, as follows:

## NATURE OF THE CASE

1. This is an action for copyright infringement under the Copyright Act of 1976, as amended (codified at 17 U.S.C. § 101 *et seq.*); common law trademark infringement; unfair competition under the laws of the United States (codified at 15 U.S.C. § 1117, *et seq.*); and unfair competition under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

3. This Court has supplemental jurisdiction over SGCS's state law claims pursuant to the provisions of 28 U.S.C. § 1367(a) insofar as the claims within the Court's original jurisdiction form part of the same case or controversy under Article III of the United States Constitution.

4. This Court has supplemental jurisdiction over SGCS's state law unfair competition claim pursuant to the provisions of 28 U.S.C. § 1338(b) insofar as the claims are joined with a substantial and related federal claim arising under the copyright and trademark laws of the United States.

5. This Court has personal jurisdiction over Defendants at least because Defendants reside in the State of California, have substantial contacts in the State of California related to the claims in this action, and engaged in the wrongful acts alleged herein in the State of California.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(a).

## INTRADISTRICT ASSIGNMENT

7. Because this is an intellectual property case, it is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

## PARTIES

8. Plaintiff SGCS is a Texas limited liability company with its principal business address at 13318 Thornton Drive, Westlake, Texas 76262.

9. Defendant Falck NorCal is a Delaware corporation with its principal business address at 2190 South McDowell Boulevard, Petaluma, California 94954.

10. Defendant Care is a California corporation with its principal business address at 1517 West Braden Court, Orange, California 92868.

11. Defendant Falck USA is a Delaware corporation with its principal business address at 1517 West Braden Court, Orange, California 92868.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### SGCS's Intellectual Property and Services

12. SGCS is a consulting firm that has spent the past six-plus years developing a substantial body of original content, application methods, digital platforms, and courseware for a new branch of socio-technical science SGCS uses to help high-consequence industries like aviation, healthcare, and transportation operate with a higher level of safety and reliability. SGCS teaches, trains, coaches, guides, and certifies organizations to apply its methods and techniques. SGCS's method is revolutionary and is unlike any other performance improvement approach. SGCS protects its method by licensing its clients to make internal use of the method only after they have been guided by SGCS in how to correctly use the method.

13. A healthcare sector where SGCS has been successful is 9-1-1 first response. SGCS has helped many municipalities across the United States and eastern Canada and has developed a strong business relationship with certain 9-1-1 response providers. SGCS's business relationships, which typically span multiple years, have economically benefitted SGCS and would economically benefit SGCS in the future as clients typically contract with SGCS over multiple years to achieve and then sustain high reliability improvement through proficiency-based training

and ongoing evaluations. Additionally, many of those first response providers obtain new ambulance service contracts with counties and municipalities in California and throughout the United States.

14. In rendering its services, SGCS utilizes a number of proprietary, copyrighted and trademarked products, including SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, which is frequently purchased and used by SGCS's first response clients subject to also purchasing training services on how to properly implement SGCS's method. SGCS certifies first response provider clients in its COLLABORATIVE JUST CULTURE method, a process that involves training in multiple locations over a period of time, and millions of dollars in subscriptions, onsite workshops, and evaluations. Once the client is certified in SGCS's method, the client, when explicitly permissioned to do so by SGCS, may then cite the certification in Request for Proposals (RFPs) submitted to counties and municipalities.

15. SGCS owns U.S. Copyright Reg. No. VA0001919579, registered July 7, 2014, for its COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©.

16. SGCS owns and uses various trademarks for its goods and services, including but not limited to COLLABORATIVE JUST CULTURE and COLLABORATIVE CULTURE OF SAFETY (the "SGCS Marks"). SGCS has used the SGCS Marks in conjunction with its goods and services for over five years.

17. SGCS's first response clients are not provided with unfettered use of SGCS's copyrighted and trademarked products; rather, the clients purchase a license to use SGCS's products internally on a defined, limited basis, in conjunction with services rendered by SGCS, and only after receiving proper training from SGCS in how to use the products.

18. The proprietary, confidential nature of SGCS's copyrighted and trademarked products, including the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, is critical to the success of SGCS's business. SGCS realizes gains from the products as well as the accompanying training services SGCS provides in conjunction with its products. Misappropriation of SGCS's products destroys the value of

SGCS's products and services, damaging SGCS on the level of millions of dollars in lost profits.

**The Defendants and Other Falck Entities**

19. Defendant Falck NorCal is a 9-1-1 first response provider servicing Sonoma, Mendocino, Napa, Alameda, Contra Costa, Santa Clara, Santa Cruz, San Mateo, and San Francisco Counties and the surrounding Sacramento area. Defendant Falck NorCal is purportedly part of Falck California, the West Coast division of Defendant Falck USA.

20. Defendant Care is a 9-1-1 first response provider servicing Orange, Los Angeles, and Riverside Counties. Defendant Care is purportedly part of Falck California, the West Coast division of Defendant Falck USA.

21. Defendant Falck USA is the purported parent of Defendant Falck NorCal and Defendant Care, as well as other first response providers including Falck Rocky Mountain Inc., servicing Denver, Adams, Arapahoe, Douglas, Jefferson, Broomfield, Elbert and Boulder Counties, Colorado, with a license in process in El Paso County, Colorado; Falck Northwest Corp., servicing King, Pierce, and Snohomish Counties, Washington, and the City of Salem, Oregon; American Ambulance, servicing 13 counties in Florida; LifeStar Response, supplying EMS services to people in seven states; and Rapid Response EMS, servicing Wayne County, Michigan.

22. Falck Group is the purported Danish parent company of Defendant Falck USA. Falck Group is Denmark's largest provider of ambulance services. In January 2019, the Danish Competition Council found that between 2014 and 2015, Falck Group abused its dominant position in the Danish market for ambulance services by excluding BIOS, a competitor, from the market, leading to BIOS's bankruptcy. Falck Group settled the matter by paying compensation in the sum of DKK 152.5 million, an amount equivalent to approximately $22.5 million USD.

**The Defendants' Infringement and Unfair Competition**

23. In August 2015, SGCS and Defendant Care entered into a one-time contract under which SGCS agreed to render training services at Care utilizing SGCS's copyrighted and trademarked products, including SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© (hereinafter, the "Care Contract"). By its terms, all

service and product pricing under the Care Contract were "a one-time arrangement."

24. The Care Contract did not grant an unfettered license to SGCS's copyrighted and trademarked materials, including the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, and in particular did not grant Defendant Care or any other entity a license to use any of SGCS's copyrighted materials or trademarks in any bids submitted to public authorities in response to an RFP. To the contrary, under the terms of the Care Contract, Defendant Care recognized SGCS's materials, including the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, as "proprietary and confidential to SGCS," and agreed to keep the materials confidential and only use the materials internally to Care.

25. By its terms, the Care Contract "may be amended only by a written instrument signed by both parties."

26. All services contemplated under the Care Contract were completed on or about September 9-10, 2015.

27. The only parties to the Care Contract were SGCS and Defendant Care.

28. On October 28, 2015, Troy Hagen, acting as CEO of Defendant Care, sought SGCS's permission to use SGCS materials from the two-day training course SGCS had put on for Care, with attribution to SGCS, in a presentation at the leadership summit for Orange, Los Angeles, and San Diego Ambulance Associations. Mr. Hagen stated he would not use the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© in his presentation. SGCS responded with authorization to use SGCS materials in the presentation except the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, "which is proprietary and requires permission to share," and could not be sent outside Defendant Care. Mr. Hagen responded, "I certainly understand the Guide and have no intention of sharing that beyond the Care team."

29. On May 13, 2016, eight months after the two-day training course, Troy Hagen, acting as CEO of Defendant Care, sought SGCS's permission to use SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE

GUIDE© in trying to explain SGCS's method to regulators running the Los Angeles County RFP. In discussing this request, SGCS made it clear that if it authorized Defendant Care to use the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, the regulator recipients of the guide must be informed that the guide was copyrighted material, and must be trained by SGCS in how to use the guide. Mr. Hagen acknowledged that he understood.

30. On May 20, 2016, SGCS presented Defendant Care with a proposed Right of Restricted Use agreement ("RRUA") that would have "serve[d] as an addendum" to the Care Contract and would have given Defendant Care the "restricted right" to show SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© to "regulators for purposes of public safety and performance improvement demonstration," but only on the explicit understanding and agreement by Defendant Care that "all persons utilizing these materials will be trained and qualified by SGCS."

31. Defendant Care never signed and delivered the RRUA, such that the RRUA never became an effective and binding amendment to the Care Contract, and accordingly Defendant Care was never authorized to show SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© to "regulators for purposes of public safety and performance improvement demonstration."

32. Although it never became effective and binding, the only parties to the contemplated RRUA were SGCS and Defendant Care.

33. Defendant Care never approached SGCS about rendering any services in Los Angeles County or elsewhere. Had it done so, the cost of SGCS's services and licensing would have presumably been included in the Los Angeles County bid, and SGCS would have realized gains from rendering those services to the Los Angeles County first responders.

34. SGCS has never had any relationship, contractual or otherwise, with Defendant Falck NorCal nor Defendant Falck USA, nor with any other Falck-related entity aside from Defendant Care.

35. Defendant Falck NorCal and Defendant Falck USA are not currently, nor have

they ever been, authorized to use the SGCS Marks or SGCS's copyrighted materials, including SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, in any manner whatsoever, much less in any RFPs.

36. In September 2019, it came to SGCS's attention that Defendant Falck NorCal used the SGCS Marks and SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© in a 2018 RFP for Alameda County, reproducing the guide in the RFP and representing that Defendant Falck NorCal was the author of the guide, both through written text accompanying the unauthorized reproductions, and by placing the FALCK logo on the unauthorized reproductions. Defendant Falck NorCal further claimed in the Alameda County RFP to have "consulted" with SGCS in 2015. Defendant Falck NorCal is believed to have used the SGCS Marks and the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© in order to falsely claim equivalency with an SGCS client in submitting its bid.

37. Defendant Falck NorCal won the Alameda County bid and took over ambulance services for Alameda County in July 2019.

38. An SGCS client lost the Alameda County bid. Had an SGCS client won the bid, SGCS would likely have rendered services and licensing in Alameda County in light of SGCS's preexisting contractual relationship with its client and would have realized gains from rendering those services.

39. Defendant Falck NorCal was never authorized by SGCS to utilize SGCS's copyrighted guide or the SGCS Marks in any manner, much less to reproduce the materials and claim them as its own in the Alameda County RFP, nor was it authorized to represent itself to Alameda County as authorized to use SGCS's materials.

40. Defendant Falck NorCal is not the author or owner of any of SGCS's copyrights or the SGCS Marks and did not develop any of SGCS's copyrighted materials, including the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, nor was it authorized to represent itself to Alameda County as the owner and developer of SGCS's materials and method.

41. Defendant Falck NorCal never "consulted" with SGCS, nor was it authorized to represent to Alameda County that it had "consulted" with SGCS or otherwise had any sort of business relationship with SGCS.

42. Defendant Falck NorCal never approached SGCS about rendering any services in Alameda County or elsewhere. Had it done so, the cost of SGCS's services and licensing would have presumably been included in the Alameda County bid, and SGCS would have realized gains from rendering those services to the Alameda County first responders.

43. Upon discovering Defendant Falck NorCal's infringement in the Alameda County RFP, SGCS placed several phone calls to Defendant Falck NorCal's offices, which were not returned.

44. Accordingly, on September 10, 2019, SGCS sent Defendant Falck NorCal a cease and desist letter, identifying the multiple instances of infringement and false claims made in the Alameda County RFP.

45. That afternoon, Troy Hagen, acting as CEO of Defendant Falck NorCal, telephoned SGCS responsive to the cease and desist letter. During that telephone call and in a subsequent text exchange, Mr. Hagen admitted that in addition to the Alameda County RFP SGCS's content had been used in RFPs for Los Angeles and Orange Counties, California. Mr. Hagen apologized and asked what could be done to make things right.

46. On information and belief, the Los Angeles County and Orange County RFPs were either submitted by Defendant Care, which operates in those counties, or by Defendant Falck USA acting on behalf of Defendant Care.

47. In light of Mr. Hagen's admissions responsive to SGCS's cease and desist letter, by and through the Los Angeles County and Orange County RFPs, Defendant Care and/or Defendant Falck USA engaged in unauthorized use and reproduction of SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© in those RFPs.

48. In light of the infringement in the Alameda County RFP, and Mr. Hagen's admissions concerning the Los Angeles County and Orange County RFPs, SGCS suspects one or

more Falck entities may have also used SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© and the SGCS Marks in other RFPs, although the extent of that use, and the entities engaging in that use, are presently unknown.

49. Meanwhile, a copy of SGCS's cease and desist letter to Defendant Falck NorCal was sent by a third party to a news channel in Colorado Springs, where an SGCS client had recently lost out on an ambulance contract to Falck Rocky Mountain. The channel posted a story to its website on September 10, 2019, reporting the letter.

50. On the morning of September 11, 2019, Brian Richmond, acting as Defendant Falck USA's chief legal counsel, demanded a retraction of the letter, an apology, and authorization to use SGCS's content. Mr. Richmond claimed "Falck" had a license to use SGCS's content, relying on the Care Contract and the RRUA, neither of which license any Falck entity to use SGCS's copyrighted guide or the SGCS Marks in the manner used in the Alameda County RFP, and neither of which allow any Falck entity to represent to Alameda County or anyone else that any Falck entity is the owner and developer of SGCS's copyrighted materials and trademarks or that any Falck entity "consulted" with SGCS.

51. The night of September 11, 2019, Mr. Richmond, again acting as Defendant Falck USA's chief legal counsel, sent an email to SGCS with a proposed press response to the issue developing in Colorado and asking SGCS to agree to tell the press that the release was true, that SGCS had no further claims against "Falck," and that SGCS considered the matter closed.

52. The proposed press release stated, among other things, that Defendant Care was the party that submitted the Alameda County RFP, and that there was a contract allowing Defendant Care (defined in the press release as "Falck") to use the SGCS materials in the manner used in the Alameda RFP.

53. Defendant Falck NorCal, not Defendant Care, submitted the Alameda County RFP. There is no valid and enforceable contract between SGCS and Defendant Falck NorCal, nor any other entity, permitting Defendant Falck NorCal or anyone else to use SGCS's copyrighted guide and the SGCS Marks in the manner used in the Alameda County RFP, nor is there anything allowing Falck NorCal nor anyone else to falsely represent to Alameda County

that Defendant Falck NorCal is the owner and developer of SGCS's materials and marks.

54. In response to Mr. Richmond's September 11th email, SGCS notified Mr. Richmond that SGCS had turned the matter over to its legal counsel.

55. On or about September 12, 2019, the CEO of Falck Rocky Mountain issued a press release similar to the release emailed to SGCS by Mr. Richmond the day before, repeating the false claims that Defendant Care was the party that submitted the Alameda County RFP and that there was a contract allowing Defendant Care to use the SGCS materials in the manner used in the Alameda County RFP, and threatening legal action to "remedy the situation."

56. Also on September 12, 2019, an attorney purporting to represent Defendant Care sent a letter to SGCS's legal counsel, claiming that "Care" was authorized to use SGCS's materials in the manner used in the Alameda County RFP, demanding SGCS issue a retraction and corrective statements, calling SGCS's letter "tortious misconduct," and threatening litigation if SGCS did not acquiesce in the demands, even going so far as to threaten punitive damages.

57. Thus, while Mr. Hagen, the CEO of Defendant Falck NorCal and Defendant Care, has acknowledged that unauthorized use of SGCS's copyrighted materials and trademarks has occurred in multiple RFPs submitted in California, and has apologized for this behavior and asked what could be done to correct the situation, the involved companies themselves have refused to cease and desist from further unauthorized use of SGCS's materials and marks, despite that such use has already led to lost profits for SGCS and misinformation being supplied in county bids, and have instead chosen to follow in the Falck Group's company culture of anti-competitiveness by threatening to sue SGCS if it does not acquiesce in "Falck's" demands and allow "Falck" to claim rights in the core of SGCS's business.

58. The threat to SGCS's business if this conduct continues is immediate and irreparable, as it is believed that various Falck entities continue to submit bids on a regular basis and will do so throughout the life of this litigation. At least one SGCS client has lost multiple bids to Falck, and as a result SGCS has lost sales to at least this client and could potentially lose the client altogether. SGCS's reputation in multiple industries and with multiple organizations has been harmed, and its ability to earn future revenue has been jeopardized.

59. Because of the ongoing, immediate, and irreparable harm to SGCS caused by the Defendants' conduct, this Complaint follows.

**COUNT I**
**Copyright Infringement, Alameda County RFP**
***Urged Against Defendant Falck NorCal***

60. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© is an original, independently created, and creative work and is copyrightable under United States law.

62. SGCS is the sole owner of the copyright in its COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© and registered its copyright in U.S. Copyright Reg. No. VA0001919579 on July 7, 2014.

63. Defendant Care obtained access to SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© under the Care Contract in 2015 and, on information and belief, disseminated the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© to Defendant Falck NorCal prior to Defendant Falck NorCal's creation of the Alameda County RFP, such that Defendant Falck NorCal had access to SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© at the time Defendant Falck NorCal created the Alameda County RFP.

64. Pages 144-145 of the Alameda County RFP are unauthorized copies of SGCS's copyrighted COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, demonstrating factual copying of SGCS's protected material, as well as substantial similarity between SGCS's protected material and pages 144-145 of the Alameda County RFP.

65. Because of Defendant Falck NorCal's access to SGCS's copyrighted guide, and because of the substantial similarity between SGCS's copyrighted guide and pages 144-145 of the Alameda County RFP, Defendant Falck NorCal must have and did copy SGCS's copyrighted

COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© and therefore Defendant Falck NorCal has infringed and continues to infringe SGCS's copyright in the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©.

66. Defendant Falck NorCal was, or should have been, aware of SGCS's copyright in the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©. Defendant Falck NorCal's acts aforesaid, including its unauthorized copying of SGCS's guide, constitute willful infringement of SGCS's copyright.

67. Defendant Falck NorCal's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to SGCS's business in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving SGCS with no adequate remedy at law.

68. Defendant Falck NorCal's acts are the proximate cause of such injury and damage.

69. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Falck NorCal, and anyone acting in concert with Defendant Falck NorCal, including but not limited to Defendant Care, Defendant Falck USA, and any other Falck entity, to restrain further acts of infringement and, after trial, to recover any damages proven to have been caused by reason of Defendant Falck NorCal's aforesaid acts, and to recover enhanced damages based on Defendant Falck NorCal's willful, intentional, and/or grossly negligent acts.

## COUNT II
**Copyright Infringement, Los Angeles County and Orange County RFPs**
***Urged Against Defendant Care and Defendant Falck USA***

70. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© is an original, independently created, and creative work and is copyrightable under United States law.

72. SGCS is the sole owner of the copyright in its COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© and registered its

copyright in U.S. Copyright Reg. No. VA0001919579 on July 7, 2014.

73. Defendant Care obtained access to SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© under the Care Contract in 2015 and, on information and belief, disseminated the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© to Defendant Falck USA prior to the creation of the Los Angeles County and Orange County RFPs by Defendant Care and/or Defendant Falck USA, such that Defendant Care and/or Defendant Falck USA had access to SGCS's COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© at the time the Los Angeles County and Orange County RFPs were created.

74. On information and belief, the Los Angeles County and Orange County RFPs include unauthorized copies of SGCS's copyrighted COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, demonstrating factual copying of SGCS's protected material, as well as substantial similarity between SGCS's protected material and those pages of the Los Angeles County and Orange County RFPs.

75. Because of Defendant Care's and Defendant Falck USA's access to SGCS's copyrighted guide, and because of the substantial similarity between SGCS's copyrighted guide and pages of the Los Angeles County and Orange County RFPs, Defendant Care and/or Defendant Falck USA must have and did copy SGCS's copyrighted COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© and therefore Defendant Care and/or Defendant Falck USA has infringed and continues to infringe SGCS's copyright in the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©.

76. Defendant Care and/or Defendant Falck USA was, or should have been, aware of SGCS's copyright in the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©. Defendant Care's and/or Defendant Falck USA's acts aforesaid, including the unauthorized copying of SGCS's guide, constitute willful infringement of SGCS's copyright.

77. Defendant Care's and/or Defendant Falck's USA willful and intentional acts of

infringement have caused and are causing great and irreparable injury and damage to SGCS's business in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving SGCS with no adequate remedy at law.

78. Defendant Care's and/or Defendant Falck USA's acts are the proximate cause of such injury and damage.

79. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Care and/or Defendant Falck USA, and anyone acting in concert with them, including but not limited to Defendant Falck NorCal and any other Falck entity, to restrain further acts of infringement and, after trial, to recover any damages proven to have been caused by reason of Defendant Care's and/or Defendant Falck USA's aforesaid acts, and to recover enhanced damages based on Defendant Care's and/or Defendant Falck USA's willful, intentional, and/or grossly negligent acts.

## COUNT III
### Trademark Infringement, Alameda County RFP
*Urged Against Defendant Falck NorCal*

80. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. SGCS has continuously used the SGCS Marks in commerce in connection with SGCS's goods and services since at least as early as July 2013, and, accordingly, has established common law trademark rights in the SGCS Marks.

82. The Alameda County RFP, prepared by Defendant Falck NorCal and submitted by Defendant Falck NorCal to Alameda County, uses the SGCS Marks to identify and distinguish Defendant Falck NorCal as the source of the services advertised to Alameda County through the Alameda County RFP.

83. Defendant Falck NorCal is not the source of SGCS's goods or services under the SGCS Marks and is not authorized to use the SGCS Marks for any goods or services, much less for the services advertised to Alameda County through the Alameda County RFP.

84. Defendant Falck NorCal's unauthorized use in commerce of the SGCS Marks in

association with the services advertised to Alameda County through the Alameda County RFP constitutes infringement of SGCS's common law trademark rights, misappropriates the valuable goodwill developed by SGCS in the SGCS Marks, and is likely to cause confusion among the relevant consuming public.

85. Defendant Falck NorCal was, or should have been, aware of SGCS's use of and corresponding rights in the SGCS Marks. Defendant Falck NorCal's acts aforesaid, including using names, terms, and/or marks that are identical or, at least, confusingly similar to the SGCS Marks for identical or substantially similar goods and services, constitute willful infringement of SGCS's rights in the SGCS Marks .

86. Defendant Falck NorCal's acts of willful infringement of SGCS's rights in the SGCS Marks have caused and, unless restrained, will continue to cause great and irreparable injury to SGCS, SGCS's business, and to the goodwill and reputation of SGCS in an amount that cannot be ascertained at this time, leaving SGCS with no adequate remedy at law.

87. Defendant Falck NorCal's acts are the proximate cause of such injury and damage.

88. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Falck NorCal, and anyone acting in concert with Defendant Falck NorCal, including but not limited to Defendant Care, Defendant Falck USA, and any other Falck entity, to restrain further acts of infringement and, after trial, to recover any damages proven to have been caused by reason of Defendant Falck NorCal's aforesaid acts, and to recover enhanced damages based on Defendant Falck NorCal's willful, intentional, and/or grossly negligent acts.

## COUNT IV
**Trademark Infringement, Los Angeles County and Orange County RFPs**
***Urged Against Defendant Care and Defendant Falck USA***

89. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 88 of this Complaint as if fully set forth herein.

90. SGCS has continuously used the SGCS Marks in commerce in connection with SGCS's goods and services since at least as early as July 2013, and, accordingly, has established common law trademark rights in the SGCS Marks.

91. On information and belief, the Los Angeles County and Orange County RFPs,

prepared by Defendant Care and/or Defendant Falck USA and submitted by Defendant Care and/or Defendant Falck USA to Los Angeles and Orange Counties respectively, use the SGCS Marks to identify and distinguish Defendant Care and/or Defendant Falck USA as the source of the services advertised to Los Angeles and Orange Counties through the respective RFPs.

92. Neither Defendant Care nor Defendant Falck USA is the source of SGCS's goods or services under the SGCS Marks, and neither entity is authorized to use the SGCS Marks for any goods or services, much less for the services advertised to Los Angeles and Orange Counties through the respective RFPs.

93. Defendant Care's and/or Defendant Falck USA's unauthorized use in commerce of the SGCS Marks in association with the services advertised to Los Angeles and Orange Counties through the respective RFPs constitutes infringement of SGCS's common law trademark rights, misappropriates the valuable goodwill developed by SGCS in the SGCS Marks, and is likely to cause confusion among the relevant consuming public.

94. Defendant Care and Defendant Falck USA were, or should have been, aware of SGCS's use of and corresponding rights in the SGCS Marks. Defendant Care's and/or Defendant Falck USA's acts aforesaid, including using names, terms, and/or marks that are identical or, at least, confusingly similar to the SGCS Marks for identical or substantially similar goods and services, constitute willful infringement of SGCS's rights in the SGCS Marks.

95. Defendant Care's and/or Defendant Falck USA's acts of willful infringement of SGCS's rights in the SGCS Marks have caused and, unless restrained, will continue to cause great and irreparable injury to SGCS, SGCS's business, and to the goodwill and reputation of SGCS in an amount that cannot be ascertained at this time, leaving SGCS with no adequate remedy at law.

96. Defendant Care's and/or Defendant Falck USA's acts are the proximate cause of such injury and damage.

97. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Care and/or Defendant Falck USA, and anyone acting in concert with them, including but not limited to Defendant Falck NorCal and any other Falck entity, to restrain further acts of infringement and, after trial, to recover any damages proven to have been caused by reason of

Defendant Care's and/or Defendant Falck USA's aforesaid acts, and to recover enhanced damages based on Defendant Care's and/or Defendant Falck USA's willful, intentional, and/or grossly negligent acts.

**COUNT V**
**Federal Unfair Competition, Alameda County RFP (15 U.S.C. § 1125)**
***Urged Against Defendant Falck NorCal***

98. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99. The Alameda County RFP, prepared by Defendant Falck NorCal and submitted by Defendant Falck NorCal to Alameda County, includes false or misleading descriptions or representations of fact, namely: 1) the false statement that Defendant Falck NorCal "consulted" with SGCS in 2015 when in fact it did not; 2) the false statement that Defendant Falck NorCal "developed" the "Systems and Behaviors Response Guide" when in fact the guide, reproduced on pages 144-145 of the Alameda County RFP, was authored by SGCS; and 3) the false statement that the diagrams reproduced on pages 144-145 of the Alameda County RFP "is our Collaborative Just Culture approach" when in fact SGCS is the sole rights holder in the SGCS Marks and in the copyrighted COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE© reproduced on pages 144-145 of the Alameda County RFP.

100. The aforesaid false or misleading descriptions or representations of fact are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Falck NorCal with SGCS, or as to the origin, sponsorship, or approval of Defendant Falck NorCal's goods, services, or commercial activities by SGCS, and/or misrepresent the nature, characteristics, or qualities of Defendant Falck NorCal's goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

101. Additionally, in the Alameda County RFP, Defendant Falck NorCal engaged in knowing and intentional unauthorized imitation, adoption, and use of the SGCS Marks in association with Defendant Falck NorCal's goods and services, such that Defendant Falck NorCal has and continues to falsely designate its goods and services as being derived or affiliated with those of SGCS.

102. Defendant Falck NorCal's use of the SGCS Marks is likely to cause and/or has caused relevant consumers to mistakenly believe that Defendant Falck NorCal has an affiliation with SGCS, that Defendant Falck NorCal's business is sponsored or approved by SGCS, or that Defendant Falck NorCal is otherwise associated with or has obtained permission from SGCS to use the SGCS Marks in connection with the sale and advertising of Defendant Falck NorCal's goods and services, in violation of 15 U.S.C. § 1125(a).

103. Defendant Falck NorCal's aforesaid activities were, and remain, willful and intentional.

104. Defendant Falck NorCal's willful and intentional acts of unfair competition, false advertising, and false designation of origin have caused and are causing great and irreparable injury and damage to SGCS's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving SGCS with no adequate remedy at law.

105. Defendant Falck NorCal's acts are the proximate cause of such injury and damage.

106. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Falck NorCal, and anyone acting in concert with Defendant Falck NorCal, including but not limited to Defendant Care and Defendant Falck USA, and any other Falck entity, to restrain further acts of unfair competition, false advertising, and false designation of origin and, after trial, to recover damages proven to have been caused by reason of Defendant Falck NorCal's aforesaid acts, and to recover enhanced damages based on Defendant Falck NorCal's willful, intentional, and/or grossly negligent acts.

## COUNT VI
**Federal Unfair Competition, Los Angeles and Orange County RFPs (15 U.S.C. § 1125)**
***Urged Against Defendant Care and Defendant Falck USA***

107. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 106 of this Complaint as if fully set forth herein.

108. On information and belief, in the Los Angeles and Orange County RFPs, Defendant Care and/or Defendant Falck USA engaged in knowing and intentional unauthorized imitation, adoption, and use of the SGCS Marks in association with Defendant Care's and/or

Defendant Falck USA's goods and services, such that Defendant Care and/or Defendant Falck USA has and continues to falsely designate its goods and services as being derived or affiliated with those of SGCS.

109. Defendant Care's and/or Defendant Falck USA's use of the SGCS Marks is likely to cause and/or has caused relevant consumers to mistakenly believe that Defendant Care and/or Defendant Falck USA has an affiliation with SGCS, that Defendant Care's and/or Defendant Falck USA's business is sponsored or approved by SGCS, or that Defendant Care and/or Defendant Falck USA is otherwise associated with or has obtained permission from SGCS to use the SGCS Marks in connection with the sale and advertising of Defendant Care's and/or Defendant Falck USA's goods and services, in violation of 15 U.S.C. § 1125(a).

110. Defendant Care's and/or Defendant Falck USA's aforesaid activities were, and remain, willful and intentional.

111. Defendant Care's and/or Defendant Falck USA's willful and intentional acts of unfair competition, false advertising, and false designation of origin have caused and are causing great and irreparable injury and damage to SGCS's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving SGCS with no adequate remedy at law.

112. Defendant Care's and/or Defendant Falck USA's acts are the proximate cause of such injury and damage.

113. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Care and/or Defendant Falck USA, and anyone acting in concert with them, including but not limited to Defendant Falck NorCal, and any other Falck entity, to restrain further acts of unfair competition, false advertising, and false designation of origin and, after trial, to recover damages proven to have been caused by reason of Defendant Care's and/or Defendant Falck USA's aforesaid acts, and to recover enhanced damages based on Defendant Care's and/or Defendant Falck USA's willful, intentional, and/or grossly negligent acts.

**COUNT VII**

**Statutory Unfair Competition, Alameda County RFP (Cal. Bus. & Prof. Code § 17200)**

***Urged Against Defendant Falck NorCal***

114. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 113 of this Complaint as if fully set forth herein.

115. Through its false or misleading descriptions or representations of fact made in the Alameda County RFP and its unauthorized use of the SGCS Marks, as well as by continuing to engage in a willful and concerted effort to trade on SGCS's goodwill by copying and/or imitating the SGCS Marks, Defendant Falck NorCal has engaged in unlawful and unfair business acts or practices in violation of Cal. Bus. & Prof. Code § 17200.

116. Defendant Falck NorCal was, or should have been, aware of the false or misleading nature of the descriptions or representations of fact made in the Alameda County RFP, as well as SGCS's use of and corresponding rights in the SGCS Marks. Defendant Falck NorCal's acts aforesaid constitute willful and intentional violation of Cal. Bus. & Prof. Code § 17200.

117. Defendant Falck NorCal's willful and intentional violation of Cal. Bus. & Prof. Code § 17200 has caused and is causing great and irreparable injury and damage to SGCS's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving SGCS with no adequate remedy at law.

118. Defendant Falck NorCal's acts are the proximate cause of such injury and damage.

119. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Falck NorCal, and anyone acting in concert with Defendant Falck NorCal, including but not limited to Defendant Care and Defendant Falck USA, and any other Falck entity, to restrain further violation of Cal. Bus. & Prof. Code § 17200.

**COUNT VIII**

**Statutory Unfair Competition, Los Angeles & Orange County RFPs (Cal. Bus. & Prof. Code § 17200)**

***Urged Against Defendant Care and Defendant Falck USA***

120. SGCS repeats and realleges each of the allegations contained in paragraphs 1 through 119 of this Complaint as if fully set forth herein.

121. On information and belief, through the unauthorized use of the SGCS Marks in the Los Angeles and Orange County RFPs, as well as by continuing to engage in a willful and concerted effort to trade on SGCS's goodwill by copying and/or imitating the SGCS Marks, Defendant Care and/or Defendant Falck USA has engaged in unlawful and unfair business acts or practices in violation of Cal. Bus. & Prof. Code § 17200.

122. Defendant Care and/or Defendant Falck USA was, or should have been, aware of SGCS's use of and corresponding rights in the SGCS Marks. Defendant Care's and/or Defendant Falck USA's acts aforesaid constitute willful and intentional violation of Cal. Bus. & Prof. Code § 17200.

123. Defendant Care's and/or Defendant Falck USA's willful and intentional violation of Cal. Bus. & Prof. Code § 17200 has caused and is causing great and irreparable injury and damage to SGCS's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving SGCS with no adequate remedy at law.

124. Defendant Care's and/or Defendant Falck USA's acts are the proximate cause of such injury and damage.

125. By reason of the foregoing, SGCS is entitled to injunctive relief against Defendant Care and/or Defendant Falck USA, and anyone acting in concert with them, including but not limited to Defendant Falck NorCal, and any other Falck entity, to restrain further violation of Cal. Bus. & Prof. Code § 17200.

## RELIEF REQUESTED

WHEREFORE, Plaintiff SGCS respectfully prays for the following relief:

A. A preliminary and permanent nationwide injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries, divisions, and assigns, and all those in concert or participation with any of them, from:

a. Using any and all materials that infringe SGCS's copyrights in any contemplated, new, or pending RFPs, or in the rendering of any training or services

rendered in conjunction with any already secured bids, or in otherwise infringing SGCS's copyrights;

b. Representing in any contemplated, new, or pending RFPs, or in any other medium, that any one or more of the Defendants are authorized to use SGCS's copyrighted and trademarked materials or methods, or otherwise have any affiliation with SGCS;

c. Imitating, copying, using, reproducing, registering, attempting to register and/or displaying the marks and designations COLLABORATIVE JUST CULTURE and COLLABORATIVE CULTURE OF SAFETY, or any mark or designation which colorably imitates or is confusingly similar to these marks and designations, including, without limitation, COLLABORATIVE JUST CULTURE or COLLABORATIVE CULTURE OF SAFETY alone or in combination with any other term(s), word(s), name(s), logo(s), symbol(s), device(s), designation(s), and/or design(s) in any manner whatsoever;

d. Using any other false description or representation or any other things calculated or likely to cause confusion, deception, or mistake in the marketplace with regard to SGCS's COLLABORATIVE JUST CULTURE and COLLABORATIVE CULTURE OF SAFETY marks;

e. Making any false or misleading description or representation of fact which is likely to cause confusion, deception, or mistake in the marketplace, or which misrepresents the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities with regard to SGCS, SGCS's goods and services, and SGCS's COLLABORATIVE JUST CULTURE and COLLABORATIVE CULTURE OF SAFETY marks;

B. An order directing Defendants to deliver up for impoundment and destruction all materials and matter in their possession or custody or under their control that infringe SGCS's copyrights and trademarks, and/or that Defendants are not authorized to have in their possession, custody, or control, including, without limitation, any contemplated, new, or pending RFPs containing SGCS's copyrighted materials, claiming SGCS's copyrighted materials as

Defendants' copyrighted materials, claiming a relationship with SGCS, or using SGCS's COLLABORATIVE JUST CULTURE and/or COLLABORATIVE CULTURE OF SAFETY trademark(s);

C. An order directing each Defendant to file with the Court and serve upon counsel for Plaintiff within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which each Defendant has complied with the injunction(s);

D. An award of damages, in an amount to be proven at trial, for Defendants' infringement of Plaintiff's copyrights and trademarks, the damages including Plaintiff's actual damages, Defendant's profits attributable to the infringement, Plaintiff's costs including a reasonable attorneys' fee, and any enhancements the Court finds reasonable;

E. An award of damages to compensate for Defendants' unfair competition in an amount to be proven at trial, including Plaintiff's actual damages and Defendant's profits attributable to the unfair competition, and any enhancements the Court finds reasonable;

F. An order awarding Plaintiff punitive damages on account of Defendants' willful violations of law;

G. An order awarding Plaintiff prejudgment and post judgment interest;

H. An order for corrective advertising in a form, manner, and frequency that is acceptable to Plaintiff and the Court; and

I. All other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: September 26, 2019

Respectfully submitted,

*/s/ Ryan Tyz*
Ryan Tyz

Attorney for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

Dated: September 26, 2019

Respectfully submitted,

*/s/ Ryan Tyz*
Ryan Tyz

Attorney for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC