UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FALCK NORTHERN CALIFORNIA CORP., et al.,<br><br>    Defendants.<br><br>FALCK USA, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC,<br><br>    Defendant. | Case No. 19-cv-06104-SBA (JCS)<br>             19-cv-08171-SBA (JCS)<br><br>**ORDER TO SHOW CAUSE WHY DOCUMENTS SHOULD NOT BE PRODUCED** |

    The undersigned previously issued a report and recommendation regarding sanctions for spoliation of evidence, which Judge Armstrong adopted except as to certain deadlines. Pursuant to that report and the order adopting it, Scott Griffith Collaborative Solutions, LLC ("SGCS") has lodged certain documents that it withheld based on work product protection for in camera review to determine whether SGCS's spoliation of other evidence created substantial need for production of these documents notwithstanding their status as work product in anticipation of litigation.

    The work product doctrine, codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." *See In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). "Proper preparation of a client's case demands

that [an attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). This doctrine is distinct from the attorney-client privilege, and is in fact "not a privilege but a qualified immunity protecting [certain material] from discovery." *See Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989). Work product material that concerns factual matters, as opposed to an attorney's opinions or legal theories, may be discovered if the party seeking it demonstrates a "substantial need" for the material and there is no other means for obtaining that information without undue hardship. Fed. R. Civ. P. 26(b)(3)(A).

SGCS failed to preserve the following categories of evidence: emails between SGCS employee Paul LeSage and various employees of SGCS's client AMR, text messages between LeSage and AMR employee Rob Garrett, and an email LeSage sent to SGCS contractor Ann Kovacs passing along a news article. None of the documents SGCS lodged for in camera review relate to the missing email between LeSage and Kovacs, so this order focuses on communications between SGCS and AMR. To the extent those communications could not be produced by other participants—most notably, the text messages between LeSage and Garrett, although it is not clear whether all emails that LeSage deleted were recovered from other sources—SGCS's failure to preserve those communications deprived its opponent Falck USA, Inc. (along with several related entities; collectively, "Falck") of discovery that would have helped Falck understand the coordination between SGCS and AMR at the time AMR released to the press a purportedly defamatory statement drafted by SGCS.

The Court therefore finds substantial need for production of work product documents that shed light on that relationship—specifically, all documents in the collection at issue that factually describe SGCS's communications or coordination with AMR. Portions of those documents that do not describe such communications may be redacted. The Court's tentative conclusion is that SGCS must produce documents as follows:

| Bates Nos. | Produce | Redact |
|---|---|---|
| SGCS001975–76 | Email from LeSage. | Quoted email from Michael Coffin, *except* produce the phrases: "Connection . . . responded)"; "Waiting . . . discuss"; and "Right . . . use." |
| SGCS001977 | Quoted email from LeSage, *except* redact the sentence: "We . . . proposal." | Email from Coffin. |
| SGCS001981–82 | None. | Entire document. |
| SGCS001983–85 | None | Entire document. |
| SGCS001988–90 | None | Entire document. |
| SGCS002003 | Entire document except as noted. | Email subject line, and the passage: "Most . . . steps?" |
| SGCS002004–06 | Entire document. | None. |
| SGCS002007 | None. (Relevant portions are captured by SGCS002003.[1]) | Entire document. |
| SGCS002017–18 | None. (Relevant portions are captured by SGCS001975–76.) | None. |
| SGCS002019–21 | 5:00 PM email from Coffin, *except* redact the passages: "I . . . happen."; "The higher . . . Falck."; "If . . . slap." Quoted email from LeSage. | Quoted email from Coffin, except as noted above with respect to SGCS001975–76. |

---

[1] As noted above, the production contemplated by this order is based solely on the substantial need for factual descriptions of communications between SGCS and AMR. The Court finds no need for production of duplicative material gathered from different custodians or included in multiple otherwise-protected email chains.

| Bates Nos. | Produce | Redact |
|---|---|---|
| SGCS002023 | None. | Entire document. |
| SGCS002024–26 | None. | Entire document. |
| SGCS002027–29 | None. | Entire document. |
| SGCS002030–34 | None. | Entire document. |
| SGCS002035 | None. | Entire document. |
| SGCS002051 | None. | Entire document. |
| SGCS002055 | None. | Entire document. |
| SGCS002056–57 | None. | Entire document. |
| SGCS002058–61 | None. | Entire document. |
| SGCS002067 | *Only* email header information and the quoted email from LeSage.[2] | Body of email from Coffin. |
| SGCS002068 | Entire document except as noted. | Same material as SGCS002003. |
| SGCS002069–71 | Entire document. | None. |
| SGCS002072 | None. (Relevant portions are captured by SGCS002003.) | Entire document. |
| SGCS002073 | Entire document except as noted. | Email header; quoted email from Coffin in its entirety; same material as SGCS002003 in the quoted email from LeSage. |
| SGCS002074–75 | Header for quoted email from LeSage, and the sentence: "Rob . . . posted." | Entire document except as noted. |
| SGCS002076 | None. (Relevant portions are captured by SGCS001975–76.) | Entire document. |

---

[2] If this quoted email has already been produced separately, SGCS may note that in lieu of producing this document.

| Bates Nos. | Produce | Redact |
|---|---|---|
| SGCS002077–80 | None.  (Relevant portions are captured by SGCS002019–21.) | Entire document. |
| SGCS002083 | None. | Entire document. |
| SGCS002084–85 | None. | Entire document. |
| SGCS002087–89 | None. | Entire document. |
| SGCS002090–92 | None. | Entire document. |
| SGCS002102 | None. | Entire document. |
| SGCS002103–04 | None. | Entire document. |
| SGCS002105–09 | None. | Entire document. |
| SGCS002144–45 | None. | Entire document. |
| SGCS002148 | None. | Entire document. |
| SGCS002149–50 | None.  (Relevant portions are captured by SGCS002073.) | Entire document. |

Any party that believes the production contemplated above is inconsistent with the undersigned's previous report as adopted by Judge Armstrong, or with applicable law, is ORDERED TO SHOW CAUSE why the Court should not order production as stated above by filing a response no later than October 18, 2021.  Any such response may not reargue matters previously decided.

**IT IS SO ORDERED.**

Dated: October 12, 2021

JOSEPH C. SPERO
Chief Magistrate Judge